UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SHELIA WILLIAMS,           ) Case No. EDCV 10-1827 JC
                           )
                Plaintiff, )
                           ) MEMORANDUM OPINION
        v.                 )
                           )
MICHAEL J. ASTRUE,         )
Commissioner of Social     )
Security,                  )
                           )
                Defendant. )

## I. SUMMARY

On December 1, 2010, plaintiff Shelia Williams ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; December 8, 2010 Case Management Order, ¶ 5.
///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On May 9, 2008, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 10, 106). Plaintiff asserted that she became disabled on February 13, 2008, due to head squamous cell carcinoma. (AR 116). The ALJ examined the medical record and heard testimony from plaintiff, plaintiff's sister, and a vocational expert on December 18, 2009. (AR 17-37).

On January 21, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 16). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: diabetes and hypertension (AR 12); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 12-13); (3) plaintiff retained the residual functional capacity to perform less than a full range of light work (20 C.F.R. § 404.1567(b))[2] (AR 13); (4) plaintiff could perform her past relevant work as such work is generally performed (AR 15); and (5) plaintiff's allegations regarding her limitations were not fully credible (AR 14).

The Appeals Council denied plaintiff's application for review. (AR 1).

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

[2] The ALJ determined that plaintiff (i) could lift/pull 10 pounds frequently and 20 pounds occasionally; (ii) could stand/walk four (4) hours out of an eight-hour work day; (iii) could occasionally stoop and bend; (iv) must be permitted to use a case as needed for walking; and (v) might miss work two times a month. (AR 13).

2

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

experience, allow claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

///

///

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ (1) failed properly to consider plaintiff's obesity; and (2) failed properly to consider and discuss the mental and physical demands of plaintiff's past relevant work at step four of the sequential evaluation process. As discussed in detail below, plaintiff is not entitled to a reversal or remand on either of these grounds.

### A. The ALJ Did Not Materially Err in Considering Plaintiff's Obesity

Plaintiff claims that the ALJ failed properly to consider plaintiff's obesity during the sequential evaluation process. (Plaintiff's Motion at 2-7). The Court concludes that the ALJ did not materially err in his consideration of plaintiff's obesity.

#### 1. Applicable Law

In Celaya v. Halter, 332 F.3d 1177 (9th Cir. 2003), the Ninth Circuit held that an ALJ should consider the effect of the claimant's obesity, in combination with the claimant's other impairments, on the claimant's health and ability to work even where the claimant does not raise the issue. Id. at 1182. The Ninth Circuit came to this conclusion for three reasons: (1) the claimant had implicitly raised the issue of obesity in her report of symptoms; (2) the record clearly showed that the claimant's obesity was at least close to the listing criterion, and was a condition that could exacerbate the claimant's reported illness; and (3) in light of the claimant's *pro se* status, the ALJ's personal observation of the claimant and the information in the record should have alerted him to the need to develop the record on the claimant's behalf. Burch, 400 F.3d at 682 (citing Celaya, 332 F.3d at 1182).

More recently, in Burch, the Ninth Circuit distinguished its holding in Celaya, finding no reversible error in the ALJ's failure to consider the claimant's obesity at multiple steps of the sequential evaluation process where (i) the

claimant was represented by counsel; (ii) the record did not indicate that the claimant's obesity exacerbated the claimant's other impairments (other than possibly her back pain), and (iii) the claimant failed to (a) specify which listing the claimant believed the claimant met or equaled; (b) did not set forth any evidence which would support the diagnosis and findings of a listed impairment; and (c) pointed to no evidence of functional limitations due to obesity which would have impacted the ALJ's analysis. Burch, 400 F.3d at 682-84.

### 2. Analysis

First, plaintiff has not identified any listing she believes she met or equaled based on her obesity, nor has she set forth any evidence which would support the diagnosis and findings of a listed impairment. Absent any plausible theory as to how her obesity meets or equals a listed impairment, plaintiff fails to establish that the ALJ materially erred at step three. See Burch, 400 F.3d at 683 (A claimant bears the burden of proving that he has an impairment or combination of impairments that meets or equals the criteria of a listed impairment.); see also Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001) (plaintiff must present plausible theory as to how an impairment or combination of impairments equals a listed impairment).

Second, the record does not indicate that plaintiff's obesity exacerbated her other impairments, and plaintiff points to no evidence that she suffered from functional limitations due to obesity, let alone limitations which would have impacted the ALJ's analysis. Although plaintiff testified that her doctor instructed her to lose weight, plaintiff did not say that her doctor diagnosed plaintiff as obese, or that the doctor found that plaintiff suffered from any functional limitations due to her weight. (AR 21-32). Consistently, in the August 23, 2008 report of a Complete Internal Medicine Evaluation, Dr. Gabriel Fabella, an examining physician, noted plaintiff's obesity, moderate hypertension, and diabetes mellitus, but did not find any functional limitations beyond those noted in

the ALJ's residual functional capacity assessment. (AR 179). The state agency reviewing physicians essentially concurred with Dr. Fabella's findings. (AR 224-30; 254-64). Plaintiff's current speculation that her obesity might have impacted her ability to work does not constitute evidence and falls far short of meeting her burden of proof. A bare recitation of possible limitations associated with obesity (*e.g.* cardiovascular and respiratory impairment) (Plaintiff's Motion at 4) is meaningless absent some evidence that plaintiff experienced such limitations.

In short, on the facts presented here, plaintiff has failed to show that the ALJ's assessment and findings regarding plaintiff's obesity were erroneous. See Hoffman v. Astrue, 266 Fed. Appx. 623, 625 (9th Cir. 2008) (ALJ's failure to consider plaintiff's obesity in relation to residual functional capacity proper because plaintiff failed to show how obesity in combination with another impairment increased severity of limitations); see also Burton v. Astrue, 310 Fed. Appx. 960, 961 n.1 (9th Cir. 2009) (rejecting plaintiff's assertion that ALJ failed adequately to consider plaintiff's obesity where plaintiff failed to specify how his obesity limited his functional capacity or how it exacerbated his currently existing condition; noting that ALJ's consideration of obesity in overall assessment that plaintiff was capable of working was proper).[3]

Accordingly, a remand or reversal on this basis is not warranted.

**B. The ALJ Did Not Materially Err In Determining that Plaintiff Could Perform Her Past Relevant Work**

Plaintiff contends that the ALJ erred by failing properly to consider and discuss the mental and physical demands of plaintiff's past relevant work. (Plaintiff's Motion at 7-10). The Court finds that any error in the ALJ's failure more thoroughly to discuss the mental and physical demands of plaintiff's past relevant work was harmless.

---

[3]The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

### 1. Relevant Law

At step four of the sequential evaluation process, the Administration may deny benefits when the claimant can perform the claimant's past relevant work as "actually performed," or as "generally" performed. Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001). ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") in determining the skill level of a claimant's past work. Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. § 404.1566(d)(1) (DOT is source of reliable job information). The DOT is the presumptive authority on job classifications. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).

Although the claimant has the burden of proving an inability to perform her past relevant work, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." Id. at 844. To determine whether a claimant has the residual capacity to perform her past relevant work, the ALJ must ascertain the demands of the claimant's former work and then compare the demands with her present capacity. Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986). In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain the following specific findings of fact: (1) a finding of fact as to the individual's residual functional capacity; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and (3) a finding of fact that the individual's residual functional capacity would permit a return to her past job or occupation. SSR 82-62.

### 2. Analysis

First, contrary to plaintiff's assertion, the ALJ specifically found that the physical and mental demands of plaintiff's past relevant work were those reflected in the DOT description for Cashier II [DOT 211.462-010] – *i.e.*, "light, svp 2, [and] unskilled." (AR 15).

///

1      Second, to the extent the ALJ erred by not more thoroughly describing the physical and mental demands of plaintiff's past relevant work, any such error was harmless. The ALJ expressly relied upon the testimony of the vocational expert in concluding that plaintiff could return to her past relevant work as such work was generally performed and took measures to ensure that the vocational expert explained how such testimony was consistent with the DOT description for Cashier II [DOT 211.462-010] and that any inconsistency was clearly expressed on the record (*i.e.*, the vocational expert noted that plaintiff's limitation to four hours of standing in a work day eroded the number of Cashier II jobs by 50 percent). (AR 15, 32-36). A vocational expert's testimony constitutes substantial evidence upon which an ALJ may properly rely. See Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989). Moreover, the record reflects that the vocational expert's testimony was consistent with the DOT, which described the specific physical and mental demands of plaintiff's past job as generally performed. Notably, plaintiff does not contend that the vocational expert erred in classifying plaintiff's past relevant work as generally performed as consistent with an eroded number of positions with the functional demands of Cashier II. See DOT § 211.462-010.

     Accordingly, a remand or reversal on this basis is not warranted.

## V. CONCLUSION

     For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

     LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 29, 2011

                                          /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE